J-S08021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :            PENNSYLVANIA
                                                   :

              v.                                             :

DAWANN R. DIXON                       :
                                                   :

            Appellant                       :       No. 1070 EDA 2024

Appeal from the PCRA Order Entered March 7, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004889-2009

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:             **FILED MAY 2, 2025**

Dawann R. Dixon appeals *pro se* from the order denying his "Petition for Writ of Mandamus." The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows. On March 26, 2010, Dixon entered a negotiated guilty plea to third-degree murder and a firearm violation. In accordance with the terms of the negotiated plea agreement, that same day the court imposed an aggregate sentence of 25 to 50 years of imprisonment. Dixon filed neither a post-sentence motion nor a direct appeal.

Dixon filed his first *pro se* PCRA petition on August 5, 2011. The PCRA court appointed counsel, who, after review, filed a no-merit letter and petition

to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 19, 2012, the PCRA court issued Criminal Rule 907 notice of its intent to dismiss Dixon's petition without a hearing. Dixon did not file a response. By order entered February 21, 2012, the PCRA court denied Dixon's petition and granted counsel's petition to withdraw. Dixon appealed. On August 21, 2012, we affirmed the PCRA court's order denying Dixon post-conviction relief. **Commonwealth v. Dixon**, 60 A.3d 580 (Pa. Super. 2012) (non-precedential decision).

On September 28, 2020, Dixon filed a second *pro se* PCRA petition, which the PCRA court dismissed as untimely filed. Dixon did not file an appeal.

On December 30, 2021, Dixon filed a third *pro se* PCRA petition, which the PCRA court dismissed as untimely. Dixon appealed. Agreeing that this serial PCRA petition was untimely filed and no time-bar exception applied, this Court affirmed the order denying Dixon post-conviction relief. **Commonwealth v. Dixon**, 290 A.3d 702 (Pa. Super. 2022) (non-precedential decision).

On November 13, 2023, Dixon filed the petition for post-conviction relief at issue, his fourth. On December 19, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss Dixon's petition without a hearing. Dixon did not file a response. By order entered March 7, 2024, the PCRA court dismissed Dixon's petition. This appeal followed. Although the PCRA court

issued an order requiring Dixon to comply with Appellate Rule 1925(b), Dixon failed to do so.

Dixon's handwritten brief does not include a statement of questions involved. Nonetheless, it is clear from reading the rest of the brief that Dixon claims his guilty plea was involuntarily entered.[1] Before addressing this claim, however, we must first determine whether Dixon's serial PCRA petition was timely filed.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

_____

[1] Because Dixon's claim is cognizable under the PCRA, the court properly treated Dixon's 2023 filing as a serial PCRA petition. **See Commonwealth v. Barndt**, 74 A.3d 185, 190 n.7 (Pa. Super. 2013)(explaining that, if the claim is cognizable under the PCRA, a post-conviction motion or petition may be treated as a PCRA petition regardless of the title of the document filed).

on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Dixon's judgment of sentence became final on April 26, 2010, thirty days after the time for filing an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[2] Therefore, Dixon had until April 26, 2011, to file a timely petition. Because Dixon filed the petition at issue over ten years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

---

[2] Because the thirtieth day fell on a Sunday, Dixon had until the following Monday to file a timely appeal. ***See*** 1 Pa.C.S.A. § 1908.

Dixon has failed to plead let alone prove an exception to the PCRA's time bar. Thus, because Dixon's petition was untimely, this Court lacks jurisdiction to consider its merits. **Derrickson, supra**; **see also Commonwealth v. Wharton**, 886 A.2d 1120, 1125 (Pa. 2005) (involving court's refusal to consider PCRA claim when the petitioner failed to acknowledge that the petition was untimely, "much less attempt to raise one of the enumerated exceptions to the time bar"). We therefore affirm the PCRA court's order dismissing Dixon's petition.[3]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025

---

[3] Even if we had jurisdiction, Dixon's failure to file a Rule 1925(b) statement would result in the waiver of any claims raised on appeal. **See** PCRA Court Opinion, 5/8/2, at 1-2 (citing waiver cases); Pa.R.A.P. 1925(b)(4)(vii).